*126 MEMORANDUM **
Hasan Abbas, his wife and three children, natives and citizens of Pakistan, petition for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny in part and dismiss in part the petition for review.
Substantial evidence supports the IJ’s adverse credibility determination because it is based on the omission from Abbas’ asylum application and asylum officer interview of the two most significant instances of harm he testified he suffered in Pakistan, see Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004), and on the inconsistencies between Abbas’ testimony and the testimony and affidavit of the Mohajir Quami Movement (“MQM”) official concerning Abbas’ activities in support of the MQM, see Kohli v. Gonzales, 473 F.3d 1061, 1071 (9th Cir.2007).
Because Abbas failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).
Because Abbas’ CAT claim is based on the same testimony the IJ determined was not credible, and Abbas points to no other evidence that IJ should have considered, he has failed to establish eligibility for CAT relief. See id. at 1157.
We lack jurisdiction to consider Abbas’ claim that the IJ denied him due process because Abbas failed to exhaust this claim before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of due process claims before the BIA).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.